46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Conrad E. BURNS, Plaintiff/Appellant,
v.
Victoria F. BURNS, Defendant/Appellee.
 No. 94-1991.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 10, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Conrad E. Burns sought to remove his divorce case, pending in state court, to federal court. The district court, finding that it had no jurisdiction, dismissed the case. Burns appeals and we affirm.
 
 
 2
 Burns argues that the district court had jurisdiction pursuant to 28 U.S.C. Sec. 1441. A civil action brought in state court may be removed to a federal district court if the federal court would have had original jurisdiction to entertain the action. 28 U.S.C. Sec. 1441(a); see Frances v. Wright, 19 F.3d 337, 340 (7th Cir.1994). The district court's original jurisdiction extends to "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. Sec. 1331. In order for a district court to have original jurisdiction, there must be a federal question presented.[1] Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir.1993). Burns' action concerns purely domestic issues and jurisdiction does not lie with federal district courts. See Ankenbrandt v. Richards, 112 S.Ct. 2206, 2215 (1992); see also In re Burrus, 136 U.S. 586, 593-94 (1890) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"); Barber v. Barber, 62 U.S. (21 How.) 582, 584 (1858) ("we disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony").
 
 
 3
 Burns also attempts to invoke the district court's jurisdiction by claiming he is being denied his civil rights in the pending divorce proceeding. See 28 U.S.C. Sec. 1443. To remove under 28 U.S.C. Sec. 1443(1), it must appear that (1) the right allegedly denied arises under federal law providing for specific civil rights stated in terms of racial equality and (2) the remover is denied or cannot enforce the specified federal rights in the courts of the state. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Burns cannot meet these requirements. See id.; Georgia v. Rachel, 384 U.S. 780, 792 (1966) (section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights). First, Burns alleges no racial discrimination. Second, Burns cannot claim that he has been denied or cannot enforce his rights in the state court because the action is still pending. We AFFIRM the district court's refusal to allow Burns' motion for removal.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Burns does not allege, nor do we find, diversity of citizenship among the parties